OaRUTI-iers, J.,
delivered the opinion of the Court.
A motion was made in the Circuit Court of Weakley,-at February Term, 1857, by Drewry, against Vaden, a constable of that county, and his sureties, “ for failing to return within. the time prescribed by law, and paying over the money upon an execution which was issued and placed in his hands for collection on the first day of September, 1853, for $22.72, besides costs,-in favor, of the said John Drewry, and against S. L. Williams and S. Williams, and stayed by W. Faust.”-
The motion was refused, as appears from the record, upon the ground of want of jurisdiction in such a case,as the money had not been collected. We do not so understand the statutes.
By the act of 1801, (Car. & Nich., 180,) the motion is given against the constable before the County Court, for failure to render the moneys on executions in twenty days, if not staid, and in thirty if there be a stay, after its expiration, “ unless by his return it shall appear no property can be found.” Cook’s Rep. 267.
By the act of 1835, (Car. & Nich., 211, § 10,) “ all judgments by motion, now cognizable in the County Court, shall be cognizable only in the Circuit Courts.”
Now, by the act of 1801, as we have seen, the County Court had this jurisdiction, not only where the money was collected, but even where it was not, -and he failed to show, by his “return,” that it could not be made. Consequently the same jurisdiction passed to the Circuit Court in such cases, and has .never been taken away.
In cases where the money was collected and not *314 paid oyer, the act of 1823, (Oar. & Nich., 182,) conferred jurisdiction for the first time upon justices of the peace to give judgment by motion. In 1835, the same was given to a justice for failure to return in thirty days. But this did not oust the Circuit Court of the jurisdiction it then had of the same matter, hut it was concurrent.
The Code (§ 3591) continues this concurrent jurisdiction over these motions. Of course this is confined, as to the justices of the peace, to cases within their jurisdiction, hut in the Court to any amount.
Ta,king these acts altogether, we conclude, contrary to our first impression, that the Circuit Court had jurisdiction to render judgment for a failure . to return an execution in proper time, whether the money was collected or not.
But not having the facts fully before ns, we reverse the judgment, and remand the case for the action of the Circuit Court.